Meriel L. Darzen, Oregon State Bar (OSB) No. 113645
Email: meriel@crag.org
Ralph Bloemers, OSB No. 984172
Email: ralph@crag.org
Crag Law Center
3141 E Burnside Street
Portland, Oregon 97214
Phone: (503) 525-2725  Fax: (503) 296-5454
LEAD COUNSEL – *Pro Hac Vice*

*Attorneys for Plaintiffs Earth Island Institute, Greenpeace Inc., and Sequoia ForestKeeper*

Daniel Galpern, OSB No. 061950
Law Offices of Daniel M. Galpern
2495 Hilyard St., Suite A
Eugene, Oregon 97405
Phone: (541)968-7164  Fax: (971)244-9035
Email: dan.galpern@gmail.com
*Pro HacVice*

*Attorney for Plaintiff James Hansen*

René P. Voss, California State Bar No. 255758
Natural Resources Law
15 Alderney Road
San Anselmo, CA  94960
Phone: (415) 446-9027  Fax: (267) 316-3414
Email: renepvoss@gmail.com
LOCAL COUNSEL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| EARTH ISLAND INSTITUTE, et al. | No.: 1:19-cv-01420-DAD-SAB |
| Plaintiffs, | |
| v. | **OPPOSITION TO YSS' MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF** |
| KIMBERLY NASH, et al., | |
| Defendants. | Hearing Date: December 3, 2019<br>Time: 9:30 a.m.<br>Courtroom: 5<br>Judge: Honorable Dale A. Drozd |

**INTRODUCTION**

Yosemite Stanislaus Solutions ("YSS"), has moved for leave to participate in this action as amicus curiae. YSS's motion, however, is not timely, and is not helpful to the court, as it duplicates the position of Defendants, but lacks references to the applicable law and contains an incomplete recitation of the facts, thus muddying the already complex legal landscape of the case.

YSS's conclusory and highly subjective arguments in the motion and the proposed amicus brief are both redundant and superfluous and do not meet the legal standards for amicus curiae in the Ninth Circuit. Proposed Amicus has not made, and cannot make, the necessary showing that its participation will add anything beyond what Plaintiffs and Federal Defendants have provided, particularly given that the parties have diligently briefed and prepared for the December 3 preliminary injunction hearing.

Accordingly, Plaintiffs oppose YSS' motion to participate as *amicus curiae*.

**ARGUMENT**

**I.      Standard of Review**

There is "no inherent right to file an amicus curiae brief with the Court. It is left entirely to the discretion of the Court." *Long v. Coast Resorts, Inc.*, 49 F. Supp. 2d 1177, 1178 (D. Nev. 1999) (citing *Fluor Corp. & Affiliates v. United States*, 35 Fed. Cl. 284, 285 (1996)); *see Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472, 115 (1995). Traditionally, an amicus should be a "non-partisan provider of legal perspective or information to the court." *Funbus Sys., Inc. v. Cal. Pub. Util. Comm'n*, 801 F.2d 1120, 1124-25 (9th Cir. 1986). *See also Adams v. U.S.*, 2011 U.S. Dist. LEXIS 23886 (D. Idaho Mar. 8, 2011) ("An amicus is 'an impartial individual' rather than an 'advocate' trying to persuade the Court that the 'cause may be won by one party or another.' " (quoting *Greater Yellowstone Coalition v. Timchak*, 2008 U.S. Dist. LEXIS 92394, 2008 WL 4911410 (D. Id. November 13, 2008)); *Ryan v. CFTC*, 125 F.3d 1062, 1064 (7th Cir. 1997) ("We are not helped by an amicus curiae's expression of a 'strongly held view' about the weight of the evidence."); *Liberty Lincoln Mercury v. Ford Mktg. Corp.*, 149 F.R.D. 65, 82 (D.N.J. 1993) ("When the party

No.: 1:19-cv-01420-DAD-SAB – OPPOSITION TO YSS' MOTION FOR
LEAVE TO FILE AMICUS CURIAE BRIEF - 1

Crag Law Center
3141 E Burnside Street
Portland, Oregon 97214
Tel. 503-525-2725

seeking to appear as amicus curiae is perceived to be an interested party or to be an advocate of one of the parties to the litigation, leave to appear amicus curiae should be denied.").

Chief Judge Richard Posner of the United States Court of Appeals for the Seventh Circuit has observed that the decision "to allow the filing of an amicus curiae brief is a matter of 'judicial grace.' " *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 544 (7th Cir. 2003) (quoting *Nat'l Org. for Women v. Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000)).  This grace should not be dispensed casually, particularly when, as Judge Posner also has noted,

> [t]he vast majority of amicus curiae briefs are *filed by allies of litigants* and duplicate the arguments made in the litigants' briefs, *in effect merely extending the length of the litigant's brief*. Such *amicus* briefs should not be allowed. They are an abuse. The term "*amicus curiae*" means friend of the court, not friend of a party.

*Ryan*, 125 F.3d at 1063 (emphasis added).  Only in narrow circumstances is participation of *amicus* proper:

> An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case …, or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.

*Id.*  Moreover, opposition by the parties is a factor militating against allowing participation.  *See Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970) ("a district court lacking joint consent of the parties should go slow in accepting, and even slower in inviting, an amicus brief …."); *see also* Fed. R. of App. P. 29(a).

Amicus briefs have limited utility at the trial court, where issues of fact predominate. *Liberty Lincoln Mercury v. Ford Marketing Corp.*, 149 F. R. D. 65, 82 (D.N.J. 1993); *see Strasser*, 432 F.2d at 569 ("an amicus who argues facts should rarely be welcomed").  Federal trial courts, including the Eastern District of California, have denied amicus participation when the proposed amicus brief does not provide the Court with any unique information or a unique perspective on the issues raised in this case, and "would likely only duplicate the factual information" already provided to the court by one of the parties. *Tilton v. Brown,* No. 2:12-cv-02020 LKK DAD P, 2013 U.S. Dist. LEXIS 101472, at *12 (E.D. Cal. July 18, 2013).

## II. The Motion to Participate as *Amicus Curiae* should be Denied

The Court should consider the following factors, none of which are determinative alone. First, YSS is not a disinterested entity and has not explained its position clearly. Second, YSS's proposed amicus brief does not bring novel or unique information to the table regarding the pertinent legal and factual issues. Instead, the proposed amicus brief primarily consists of non-legal opinions regarding the status of the logging project, supported by the declaration of a non-expert. Finally, counsels for the parties are fully capable of representing their positions without the assistance of amicus curiae, particularly at this preliminary injunction stage of the litigation. This is neither a situation where a party is not represented competently or not represented at all, nor where an amicus can present unique information to help the Court in a way that is beyond the parties' attorneys' ability to provide. *See e.g. Gabriel Techs. Corp. v. Qualcomm Inc.*, 2012 U.S. Dist. LEXIS 33417 *17-18 (S.D. Cal. Mar. 13, 2012) (denying amicus participation, finding amicus brief unnecessary and unhelpful, and stating that "reference to cases and analysis are generally biased and do not rise above the capabilities of Plaintiffs' counsel.").

Thus, the Court should decline YSS's request for leave to file the amicus brief or for amicus participation in this litigation. In view of the extensive briefing by the parties, the proposed amicus brief is duplicative and the Court should decline to impose the burden and costs on Plaintiffs of responding to the amicus brief.

### A. This brief is not timely and YSS is Not a Disinterested Party.

At this very late hour, barely a week before a preliminary injunction hearing, proposed amicus has staked out a clear, subjective position in favor of Defendants in this case. For example, in its motion, proposed amicus states that "the plaintiffs have inaccurately described the factual situation and exaggerated the supposed harm to plaintiffs that implementation of the project will cause." Proposed Amicus Br. at 1. The brief follows this statement up with ten pages of narrative ranging from climate change science to logging expertise, but containing no citations, and without support from any expert declarations or exhibits. There is simply nothing helpful or "friendly" to the court about this brief.

No.: 1:19-cv-01420-DAD-SAB – OPPOSITION TO YSS' MOTION FOR
LEAVE TO FILE AMICUS CURIAE BRIEF - 3

Crag Law Center
3141 E Burnside Street
Portland, Oregon 97214
Tel. 503-525-2725

YSS also claims that "despite widely divergent political and social views held by individual YSS members, there is broad, strong support by the diverse members of YSS" for the logging project to go forward. Proposed Amicus Br. at 1. Again, no support is provided for this statement, and the brief specifically notes that Sierra Club does not support the amicus brief. Further YSS members, according to its website, include one of the biomass facilities that is receiving the materials being logged as part of the FWHP projects, resulting in a direct financial interest in the project. See Dec. Benech, ¶ 25 (Dkt. 35-1). Thus, YSS is not being forthcoming about its perspective and interest in the project.

YSS is not a non-partisan provider of legal perspective or information to the court or an impartial participant. Rather, YSS is an advocate trying to persuade the Court that the cause should be won by one of the parties. YSS' leave to appear as amicus curiae should therefore be denied.

B. **YSS's Proposed Motion and *Amicus* Brief do not Provide a Unique Perspective or Information Regarding the Pertinent Legal and Factual Issues**

With regard to the legal and factual issues in this case, which include the use of federal disaster funding for logging, the presence of new and changed circumstances in the project area, and the agencies' environmental review of the project, YSS does not provide a unique perspective or analysis that is not already being covered in the briefing. In particular, YSS' perspective is already well-covered, as Federal Defendants already submitted YSS' most recent letter regarding the project as part of their evidence. *See* Dkt. 70-5, p. 3 (October 2, 2019 letter from YSS to Regional Forester). That letter makes the same arguments as the proposed amicus and thus the brief is duplicative and should not be allowed. *Sequoia ForestKeeper v. Elliott*, 50 F. Supp. 3d 1371, 1380 (E.D. Cal. 2014)(denying motion for amicus brief where the brief "contains no material that is useful to the court or that is not set forth adequately by the parties.").

Further Mr. Buckley's supporting declaration is full of unsupported, subjective claims and arguments with no citations or evidence, and Mr. Buckley is not an expert in any of the areas at issue here. *See* Buckley Dec at ¶ 3. For example, Mr. Buckley imprecisely observes: "there are literally thousands" of trees in "some units" that have been avoided by logging activities. *Id*. at ¶

18. Such a statement does not aid the court, particularly where the parties are better positioned to describe with precision the conditions on the ground. It is perfectly fine for an organization or individual like Mr. Buckley to have an opinion about the logging activities at issue in this case, but his personal, unsupported observation is unhelpful to the court in the instant situation.

### C. Amicus Participation will only Confuse the Issues and Facts in this Case

The heavily fact-dependent nature of several claims in this case (including the ones focused on by YSS) counsels against participation of proposed amicus in this matter. Here, the court has more than adequate factual information provided by the parties and YSS does not purport to add any information of equal or higher quality. *See Liberty Lincoln Mercury*, 149 F.R.D. at 82 ("At the trial level, where issues of facts as well as law predominate, the aid of amicus curiae may be less appropriate than at the appellate level where such participation has become standard procedure").

Finally, the proposed brief adds nothing in the way of legal analysis. The proposed brief contains no caselaw and not a single citation to a law or rule. *Funbus Systems,* 801 F2d at 1124, *citing New England Patriots Football Club, Inc. v. University of Colorado*, 592 F.2d 1196, 1198, n.3 (1st Cir. 1979) (amicus is one who gives the court "information on some matter of law in regard to which the court is doubtful or mistaken" … "rather than one who gives a highly partisan … account of the facts.") (internal citation omitted). YSS' proposed brief is subjective and conclusory and does not warrant this court's consideration.

## CONCLUSION

For all of the above reasons, Plaintiffs respectfully request that the court deny YSS' motion for leave to file amicus curiae brief.

//
//
//
//
//

1   Respectfully submitted this 29th day of November, 2019.

*/s/ Meriel L. Darzen*
Meriel L. Darzen (OR Bar # 113645)
*Pro Hac Vice*
Ralph Bloemers (OR Bar # 984172)
*Pro Hac Vice*
Crag Law Center

*Attorneys for Plaintiffs Earth Island Institute, Greenpeace, Inc., and Sequoia ForestKeeper*