UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARTH ISLAND INSTITUTE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KIMBERLY NASH, et al.,<br><br>Defendants. | No. 1:19-cv-01420-DAD-SAB<br><br>ORDER GRANTING MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF<br><br>(Doc. No. 75) |

Before the court is a motion for leave to file an amicus curiae brief addressing plaintiffs' motion for preliminary injunction currently pending before the court. The motion seeking such leave was filed by Yosemite Stanislaus Solutions ("YSS" or "movant"), a collaborative group comprising diverse interests working to achieve healthy forests and watersheds and to develop recovery and restoration plans for the Rim Fire and other areas of their region in need of rehabilitation. (Doc. No. 75.) Plaintiffs object to the proposed filing of the amicus curiae, while the motion itself indicates that federal and state defendants do not. (Doc. No. 75-1 at 2.) A hearing on plaintiffs' motion for preliminary injunction was held on December 3, 2019. Attorney Meriel Darzen appeared for the plaintiffs. Attorneys Dustin Weisman and Tyler Alexander appeared for the federal defendants, and attorneys Awbrey Yost and Kimberly Gosling appeared for the state defendants. Attorney Lawson Fite appeared telephonically for YSS. For reasons discussed below, the court grants the motion for leave to file an amicus curiae brief.

The Federal Rules of Civil Procedure do not set forth the manner and circumstances in which an amicus brief may be filed in district courts. District courts therefore rely on Federal Rule of Appellate Procedure 29 in addressing such requests. *See California v. United States Dep't of Labor*, No. 2:13-cv-02069-KJM-DAD, 2014 WL 12691095, at *1 (E.D. Cal. Jan. 14, 2014). The Ninth Circuit has held that "[t]he district court has broad discretion to appoint amici curiae," and the appellate court will reverse "only if the district judge has abused his discretion." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). "The touchstone is whether the amicus is 'helpful,' and there is no requirement 'that amici must be totally disinterested.'" *United States Dep't of Labor*, 2014 WL 12691095 at *1 (citing *Hoptowit*, 682 F.2d at 1260.) The court will not consider issues that are raised only in an amicus brief unless the circumstances are exceptional. *Id.*

Plaintiffs first object that the motion seeking leave to file an amicus curiae brief is not timely and YSS is not a disinterested party. (Doc. No. 83 at 4–5.) Plaintiffs note that the brief was filed a week before the hearing on the pending motion for preliminary injunction. (*Id.*) Federal Rule of Appellate Procedure 29 states that an amicus curiae must file its motion and brief "no later than 7 days after the principal brief of the party being supported is filed." Although YSS does not explicitly state as much, a review of the amicus brief, (Doc. No. 75-2 at 2), makes it clear that it was filed in support of the briefs in opposition to plaintiffs' motion filed by the federal and state defendants on November 19, 2019. (Doc. Nos. 70, 71.) YSS filed its brief on November 25, 2019. (Doc. No. 75.) The amicus filing is therefore timely. Moreover, as noted above, the Ninth Circuit does not require YSS to be a disinterested party in order to be granted leave to file an amicus curiae brief . *See United States Dep't of Labor*, 2014 WL 12691095 at *1.

Next, plaintiffs argue that YSS does not provide a unique perspective or analysis that is not already being covered in the parties' briefing addressing the pending motion. (Doc. No. 83 at 5–6.) The court disagrees. "Amicus briefs are frequently welcome . . . concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *United States Dep't of Labor*, 2014 WL 12691095, at *1 (internal citations

and quotation marks omitted). Given the impacts on the "watershed, scenic, and recreational values that are important to local businesses and area residents," (Doc. No. 75-2 at 8), this case has "potential ramifications beyond the parties directly involved." *United States Dep't of Labor*, 2014 WL 12691095, at *1. YSS appears to be a stakeholder group comprising "a highly diverse range of forest stakeholders—recreational interests, local environmental groups, the timber industry, sportsman groups, local politicians, the Tuolumne Band of Me-Wuk, and others who care about the Stanislaus National Forest, Yosemite National Park, and private timberlands of the region." (Doc. No. 75-2 at 2.) This perspective is distinguishable from that of the non-profit group and government parties.

Lastly, plaintiffs assert that amicus participation will confuse the issues and facts of this case because the proposed brief contains neither caselaw nor a citation to a law or rule, and YSS does not purport to add any information of equal or higher quality than that already provided by the parties. (Doc. No. 83 at 6.) Nonetheless, courts have held it is "'preferable to err on the side of' permitting [amicus] briefs." *Duronslet v. County of Los Angeles*, No. 2:16-cv-08933-ODW (PLAx), 2017 WL 5643144, at *1 (C.D. Cal. Jan. 23, 2017) (citing *Neonatology Assocs., P.A. v. C.I.R.*, 293 F.3d 128, 133 (3d Cir. 2002)). This court adopts that view. Here, the amicus brief may assist the court in resolving the issues before it, including whether the projects' climate change impacts require cumulative impact assessment, whether Forest Service treatment methods are causing harm that calls for supplemental environmental review, and whether the HUD grant is being used for disaster relief. (Doc. No. 75-2 at 5–9.) Additionally, movant's counsel stated at the hearing on the motion that the sworn declaration of John Buckley, (Doc. No. 75-3), serves as the basis of the contentions contained in the amicus brief itself. Ultimately, if the filed amicus brief "turns out to be unhelpful," the court "can then simply disregard" it. *United States Dep't of Labor*, 2014 WL 12691095, at *1 "On the other hand, if a good brief is rejected, the [Court] will be deprived of a resource that might have been of assistance." *Id.*

/////

/////

/////

3

1 | Finding good cause, the court grants the motion. The amicus curiae brief submitted with the request (Doc. No. 75-2) shall be deemed filed.

IT IS SO ORDERED.

Dated: **December 11, 2019**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE