JEAN E. WILLIAMS
Deputy Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

TYLER M. ALEXANDER (CA Bar #: 313188)
DUSTIN J. WEISMAN (CO Bar #: 44818)
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0238 (Alexander)
Tel: (202) 305-0432 (Weisman)
Fax: (202) 305-0506
tyler.alexander@usdoj.gov
dustin.weisman@usdoj.gov

*Attorneys for Federal Defendants Kimberly Nash, Jason Kuiken, the United States Department of Housing and Urban Development, and the United States Forest Service*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARTH ISLAND INSTITUTE, *et al.*,<br><br>                Plaintiffs,<br>   v.<br><br>KIMBERLY NASH, *et al.*,<br><br>                Defendants. | Case No. 1:19-cv-1420-SAB/DAD<br><br>**FEDERAL DEFENDANTS' ANSWER TO THE COMPLAINT (ECF No. 1)**<br><br>Judge:<br>Honorable Stanley A. Boone<br>Honorable Dale A. Drozd |

In accordance with Federal Rule of Civil Procedure 8 and 12, Kimberly Nash, in her official capacity as Director of the Office of Community Planning and Development for Region 9 of the Department of Housing and Urban Development, Jason Kuiken, in his official capacity as the Forest Supervisor of the Stanislaus National Forest, the United States Forest Service ("Forest Service"), and the United States Department of Housing and Urban Development ("HUD"), submit the following Answer and Affirmative Defenses to the claims and allegations set forth in Plaintiffs' Complaint.

Plaintiffs served a copy of the summons and Complaint on the United States on October 18, 2019. ECF No. 31. Thus, Federal Defendants' are required to serve the Answer within 60 days of that date, which is December 17, 2019. FED. R. CIV. P. 12(a)(2).

The paragraph numbers in this Answer correspond to the paragraph numbers in the Complaint. The headings used in this Answer follow the major section headings used in the Complaint and are included solely for the purpose of organizational convenience in matching the answers provided herein with the allegations made in the Complaint. The headings are not part of Federal Defendants' Answer to the allegations. Federal Defendants do not waive any defensive theory or agree to or admit that Plaintiffs' headings are accurate, appropriate, or substantiated. When a textual sentence is followed by a citation or citations, the textual sentence and its accompanying citation are referred to as one sentence.

**PRELIMINARY STATEMENT**

1. Federal Defendants admit that the 2013 Rim Fire burned around 257,000 acres in California, including lands managed by Federal Defendants, and that HUD awarded funds for disaster recovery to the State of California as part of a federal grant program. Except as expressly admitted above, Federal Defendants deny the remaining allegations in paragraph 1.

2. The allegations in paragraph 2 consist of conclusions of law and consist of Plaintiffs' characterization of their case, to which no response is required. To the extent a response is required, the allegations are denied.

3. Federal Defendants admit the allegation in the first sentence of paragraph 3 that Plaintiffs presented information to Federal Defendants. Federal Defendants deny the allegation in the second sentence of paragraph 3 that Federal Defendants are "[c]learcutting" naturally regenerating forests. The remaining allegations in paragraph 3 consist of conclusions of law, to which no response is required.

4. The allegations in paragraph 4 consist of conclusions of law, to which no response is required.

5. The allegations in paragraph 5 constitute Plaintiffs' characterization of their case, to which no response is required. To the extent a response is required, the allegations are denied.

6. The allegations in paragraph 6 constitute Plaintiffs' prayer for relief, to which no response is required. To the extent a response is required, Federal Defendants deny any violation of law and deny that Plaintiffs are entitled to the requested relief, or any relief whatsoever.

7. The allegations in paragraph 7 constitute Plaintiffs' prayer for relief, to which no response is required. To the extent a response is required, Federal Defendants deny any violation of law and deny that Plaintiffs are entitled to the requested relief, or any relief whatsoever.

**JURISDICTION**

8. The allegations in paragraph 8 consist of conclusions of law, to which no response is required. To the extent the allegations in paragraph 8 attempt to characterize statutes, those statutes speak for themselves and are the best evidence of their contents.

9. Federal Defendants admit that Plaintiffs objected to HUD's release of funds to the State of California's Department of Housing and Community Development ("HCD") and that HUD did not release the funds to HCD until HUD had evaluated Plaintiffs' objections. The remaining allegations in paragraph 9 consist of conclusions of law, to which no response is required.

**VENUE**

10. Federal Defendants deny Plaintiffs' allegation in paragraph 10 that venue is proper in the Northern District of California and deny Plaintiffs' claim that no real property is involved. *See* ECF No. 15. Federal Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations that Earth Island Institute and Greenpeace, Inc., have offices in the Northern District and on that basis deny those allegations. Federal Defendants admit that HUD has the responsibility to administer disaster recovery funding under the Disaster Relief Appropriations Act of 2013. The remaining allegations in paragraph 10 consist of conclusions of law, to which no response is required. To the extent the allegations in Paragraph 10 attempt to characterize statutes, regulations, and local court rules, those statutes, regulations, and rules speak for themselves and are the best evidence of their contents.

### Intradistrict Assignment

11. The allegations in paragraph 11 consist of conclusions of law, to which no response is required. To the extent the allegations in paragraph 11 attempt to characterize local court rules, those rules speak for themselves and are the best evidence of their contents.

### PARTIES

12. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and on that basis deny those allegations.

13. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and on that basis deny those allegations.

14. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and on that basis deny those allegations.

15. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and on that basis deny those allegations.

16. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and on that basis deny those allegations.

17. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and on that basis deny those allegations.

18. Federal Defendants deny the allegations in paragraph 18.

19. Federal Defendants deny the allegations in paragraph 19, deny any violation of law, and deny that Plaintiffs are entitled to their requested relief or any relief whatsoever.

20. Federal Defendants admit that some of Plaintiffs have provided input to the Forest Service, HUD, and HCD, concerning the Rim Fire Recovery Project. As to the remainder of Plaintiffs' allegations in paragraph 20, Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny those allegations. To the extent that the allegations in paragraph 20 are conclusions of law, no response is required.

21. Federal Defendants admit the allegations in paragraph 21.

22. Federal Defendants admit that Kimberly Nash is the Director of the Office of Community Planning and Development for Region 9 of HUD, and that her office is located in San Francisco, California. The remaining allegations in paragraph 22 consist of conclusions of law, to which no response is required.

23. Federal Defendants admit that HCD is a state agency of California. Additionally, Federal Defendants admit that HCD is the recipient of a HUD grant of approximately $70 million dollars. To the extent that the remaining allegations in paragraph 23 are conclusions of law, no response is required.

24. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 that Janice Waddell is the Operation Branch Chief for HCD's Division of Financial Assistance and that she is responsible for certifying proposed activities, and on that basis deny those allegations. The remaining allegations in paragraph 24 are conclusions of law, no response is required.

25. Federal Defendants admit that the Forest Service is an agency of the United States. The remaining allegations in paragraph 25 consist of conclusions of law, to which no response is required.

26. Federal Defendants admit that Jason Kuiken is the Forest Supervisor of the Stanislaus National Forest. The remaining allegations in paragraph 26 consist of conclusions of law, to which no response is required.

27. The allegations in paragraph 27 consist of conclusions of law, to which no response is required.

## LEGAL BACKGROUND

### National Environmental Policy Act and CEQ Regulations

28. The allegations in paragraph 28 consist of a partial quotation of a National Environmental Policy Act ("NEPA") regulation, which speaks for itself and is the best evidence of its contents.

29. The allegations in paragraph 29 attempt to characterize NEPA and related regulations, which speaks for itself and is the best evidence of its contents.

30. The allegations in paragraph 30 consist of a partial quotation of NEPA regulation, which speaks for itself and is the best evidence of its contents.

31. The allegations in paragraph 31 attempt to characterize a NEPA regulation, which speaks for itself and is the best evidence of its contents.

32. The allegations in paragraph 32 attempt to characterize a NEPA regulation, which speaks for itself and is the best evidence of its contents.

33. The allegations in paragraph 33 attempt to characterize a NEPA regulation, which speaks for itself and is the best evidence of its contents.

34. The allegations in paragraph 34 attempt to characterize a NEPA regulation, which speaks for itself and is the best evidence of its contents.

35. The allegations in paragraph 35 consist of partial quotations of a NEPA regulation, which speaks for itself and is the best evidence of its contents.

### HUD's Environmental Regulations (24 C.F.R. Part 58)

36. The allegations in paragraph 36 attempt to characterize a statute, which speaks for itself and is the best evidence of its contents.

37. The allegations in paragraph 37 purport to characterize regulations, those regulations speak for themselves and are the best evidence of their contents.

38. The allegations in paragraph 38 purport to characterize regulations, those regulations speak for themselves and are the best evidence of their contents.

39. The allegations in paragraph 39 purport to characterize regulations, those regulations speak for themselves and are the best evidence of their contents.

40. The allegations in paragraph 40 purport to characterize regulations, those regulations speak for themselves and are the best evidence of their contents.

41. The allegations in paragraph 41 purport to characterize regulations, those regulations speak for themselves and are the best evidence of their contents.

42. The allegations in paragraph 42 purport to characterize regulations, those regulations speak for themselves and are the best evidence of their contents.

43. The allegations in paragraph 43 purport to characterize regulations, those regulations speak for themselves and are the best evidence of their contents.

44. The allegations in paragraph 44 consist of conclusions of law, to which no response is required.

### The Disaster Relief Appropriations Act of 2013

45. The allegations in paragraph 45 consist of a partial quotation of the Disaster Relief Appropriations Act of 2013 ("Relief Act"), which speaks for itself and is the best evidence of its contents.

46. The allegations in paragraph 46 consist of a partial quotation from an unknown source, the source document is the best evidence of its contents.

47. The allegations in paragraph 47 consist of conclusions of law, to which no response is required.

### The Administrative Procedure Act

48. The allegations in paragraph 48 consist of conclusions of law, to which no response is required.

49. The allegations in paragraph 49 consist of a quotation of 5 U.S.C. § 706(2), which speaks for itself and is the best evidence of its contents.

50. The allegations in paragraph 50 purport to characterize a statute, which speaks for itself and is the best evidence of its contents.

51. The allegations in paragraph 51 purport to characterize a statute, which speaks for itself and is the best evidence of its contents.

52. The allegations in paragraph 52 consist of conclusions of law, to which no response is required.

## SUMMARY OF FACTS

### *2014 and 2016 Forest Service Environmental Impact Statements*

53. Federal Defendants admit that the 2013 Rim Fire burned around 257,000 acres in California and that the burn area included the Stanislaus National Forest and Yosemite National Park. Furthermore, Federal Defendants admit the areas impacted by the Rim Fire were declared a national disaster.

54. Federal Defendants admit the allegations in paragraph 54.

55. The allegations in paragraph 55 consist of a partial quotation of the 2014 Recovery Environmental Impact Statement ("EIS"), which speaks for itself and is the best evidence of its contents.

56. The allegations in paragraph 56 consist of a partial quotation of the 2016 Reforestation EIS, which speaks for itself and is the best evidence of its contents.

57. Federal Defendants admit the allegations in paragraph 57.

58. Federal Defendants deny the allegations in paragraph 58.

59. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 and on that basis deny those allegations.

60. The allegations in paragraph 60 are vague and generic, which precludes a meaningful response. Federal Defendants admit that post-fire areas serve as a home to many wildlife species. As to the remainder of Plaintiffs' allegations in paragraph 60, Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny those allegations. To the extent a response is required, those allegations are denied.

61. The allegations in paragraph 61 are vague and generic, which precludes a meaningful response. To the extent a response is required, those allegations are denied.

### *Disaster Relief Act Funding and California's Funding Award*

62. Federal Defendants admit that the National Disaster Resilience Competition ("NDRC") funds competitive grants and that a source of funding the NDRC relied upon was the Relief Act. The remaining allegations in paragraph 62 consist of characterizations of the Relief Act, which speaks for itself and is the best evidence of its contents.

63. Federal Defendants admit that award of NDRC grants was competitive. To the extent the allegations in paragraph 63 are conclusions of law, no response is required. Except as expressly admitted above, Federal Defendants deny the remaining allegations in paragraph 63.

64. Federal Defendants admit the allegations in paragraph 64.

65. Federal Defendants admit that California's NDRC grant application was titled the Community Watershed Resilience Program ("CWRP") and that the CWRP contemplated three components: the Forest and Watershed Health Program ("FWHP), the Biomass Utilization Facility ("BUF"), and Community Resilience Centers. Federal Defendants deny that these three components and their included actions are interdependent and/or connected actions. Except as expressly admitted above, Federal Defendants deny the remaining allegations in paragraph 65.

66. Federal Defendants admit that HCD is funding the Forest Service to carry out the FWHP component. Except as expressly admitted above, Federal Defendants deny the remaining allegations in paragraph 66.

67. Federal Defendants deny the allegations in paragraph 67.

68. Federal Defendants deny the allegations in paragraph 68.

69. Federal Defendants deny the allegations in paragraph 69.

### *HCD's Environmental Review of the FWHP Logging Project*

70. The allegations in paragraph 70 consist of conclusions of law, to which no response is required.

71. Federal Defendants admit that HCD engaged in an environmental review process for the FWHP. Federal Defendants also admit that HCD adopted the 2014 and 2016 EISs in Records of Decision ("ROD") dated October 5, 2017. These documents speak for themselves and are the best evidence of their contents. Except as expressly admitted above, Federal Defendants deny the remaining allegations in paragraph 71.

72. Federal Defendants admit that HCD adopted the 2016 and 2016 EISs as written. These documents speak for themselves and are the best evidence of their contents. Except as expressly admitted above, Federal Defendants deny the remaining allegations in paragraph 72.

73. Federal Defendants admit that some of Plaintiffs sent written objections to HCD. The documents speaks for themselves and are the best evidence of their contents. Except as expressly admitted above, Federal Defendants deny the remaining allegations in paragraph 73 and its subparts.

74. Federal Defendants admit that Plaintiffs sent written objections to HCD. The documents speak for themselves and are the best evidence of their contents. Except as expressly admitted above, Federal Defendants deny the remaining allegations in paragraph 74.

75. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 and on that basis deny those allegations.

76. Federal Defendants admit that HCD filed a Request for Release of Fund with HUD in October 2019. That document speaks for itself and is the best evidence of its contents. Except as expressly admitted above, Federal Defendants deny the remaining allegations in paragraph 76.

77. Federal Defendants admit that Earth Island Institute objected to HUD's release of funds. The objection documents speak for themselves and are the best evidence of their contents. Except as expressly admitted above, Federal Defendants deny the remaining allegations in paragraph 77 and its subparts.

78. Federal Defendants admit that on or about November 21, 2017, HUD wrote HCD a letter requesting HCD respond to the objections to the release of funds. This document speaks for

itself and is the best evidence of its contents. Except as expressly admitted above, Federal Defendants deny the remaining allegations in paragraph 78.

79. Federal Defendants admit that on or about January 11, 2018, HCD wrote HUD a letter concerning Plaintiffs' objections to the release of funds. This document speaks for itself and is the best evidence of its contents. Except as expressly admitted above, Federal Defendants deny the remaining allegations in paragraph 79.

80. Federal Defendants admit that on or about January 11, 2018, HCD wrote HUD a letter concerning Plaintiffs' objections to the release of funds. This document speaks for itself and is the best evidence of its contents. Except as expressly admitted above, Federal Defendants deny the remaining allegations in paragraph 80.

81. Federal Defendants admit that HCD did not prepare a supplement to the 2014 or 2016 EISs. Except as expressly admitted above, Federal Defendants deny the remaining allegations in paragraph 81.

82. Federal Defendants admit HUD approved the Request for Release of Funds in February 2018 and that HCD is funding the Forest Service to carry out the FWHP component. Except as expressly admitted above, Federal Defendants deny the remaining allegations in paragraph 82.

83. Federal Defendants admit the allegations in paragraph 83.

84. Federal Defendants admit that during the site visit with Plaintiffs, Forest Service personnel observed new tree growth that was consistent with what was anticipated in the 2014 and 2016 EISs. Except as expressly admitted above, Federal Defendants deny the remaining allegations in paragraph 84.

85. Federal Defendants deny the allegations in paragraph 85.

86. Federal Defendants admit the allegations in paragraph 86.

87. Federal Defendants admit that on or about August 14, 2019, Plaintiffs wrote HUD a letter concerning Plaintiffs' purported observations of the project area. This document speaks for itself and is the best evidence of its contents. Except as expressly admitted above, Federal Defendants deny the remaining allegations in paragraph 87.

88. Federal Defendants admit that on or about August 14, 2019, Plaintiffs wrote HUD a letter referencing studies. This document speaks for itself and is the best evidence of its contents. Except as expressly admitted above, Federal Defendants deny the remaining allegations in paragraph 88.

89. Federal Defendants admit that on or about August 14, 2019, Plaintiffs wrote HUD a letter referencing studies. This document speaks for itself and is the best evidence of its contents. Except as expressly admitted above, Federal Defendants deny the remaining allegations in paragraph 89.

90. Federal Defendants admit that HCD and the Forest Service are implementing the FWHP. Except as expressly admitted above, Federal Defendants deny the remaining allegations in paragraph 90.

91. Federal Defendants admit that a portion of the NDRC grant HCD received allocated funds for a BUF. HCD's grant application speaks for itself and is the best evidence of its contents. Except as expressly admitted above, Federal Defendants deny the remaining allegations in paragraph 91.

92. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 and on that basis deny those allegations. To the extent that the allegations in paragraph 92 are conclusions of law, no response is required.

## CAUSES OF ACTION

**Failure to Reevaluate, Modify and Supplement the Environmental Review When Presented With Significant New Information and Changed Circumstances**

**(Violation of NEPA, HUD Regulations, and the APA)**

**(Against HUD and HCD)**

93. Federal Defendants incorporate their prior responses.

94. The allegations in paragraph 94 consist of conclusions of law, to which no response is required. To the extent the allegations in paragraph 94 attempt to characterize regulations, those regulations speak for themselves are the best evidence of their contents.

95. Federal Defendants admit that HCD did not prepare a supplement to the 2014 or 2016 EISs and instead adopted the Forest Service's 2014 and 2016 EISs. Except as expressly admitted above, Federal Defendants deny the remaining allegations in paragraph 95.

96. The allegations in paragraph 96 purport to characterize a regulation, which speaks for itself and is the best evidence of its contents.

97. The allegations in paragraph 97 purport to characterize regulations, which speaks for themselves and are the best evidence of their contents.

98. Federal Defendants deny the allegations in paragraph 98.

99. Federal Defendants deny the allegations in paragraph 99.

100. The allegations in paragraph 100 consist of conclusions of law, to which no response is required.

101. The allegations in paragraph 101 consist of conclusions of law, to which no response is required.

102. The allegations in paragraph 102 consist of conclusions of law, to which no response is required.

103. Federal Defendants deny the allegations in paragraph 103.

## SECOND CLAIM FOR RELIEF

**Failure to aggregate and analyze together logging activities and the biomass facility.**

**(Violation of NEPA, HUD Regulations and the APA)**

**(Against HUD and HCD)**

104. Federal Defendants incorporate their prior responses.

105. The allegations in paragraph 105 consist of partial quotations of a NEPA regulation, which speaks for itself and is the best evidence of its contents.

106. The allegations in paragraph 106 consist of a partial quotation of a NEPA regulation, which speaks for itself and is the best evidence of its contents.

107. The allegations in paragraph 107 purport to characterize grant documents, which speak for themselves and are the best evidence of their contents.

108. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 and on that basis deny those allegations.

109. HCD's grant application speaks for itself and is the best evidence of its contents. To the extent the allegations in paragraph 109 are inconsistent with that document, they are denied.

110. The allegations in paragraph 110 consist of conclusions of law, to which no response is required.

111. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 and on that basis deny those allegations.

112. Federal Defendants deny the allegations in paragraph 112.

113. Federal Defendants admit that HCD adopted the 2016 and 2016 EISs as written. These documents speak for themselves and are the best evidence of their contents. Except as expressly admitted above, Federal Defendants deny the remaining allegations in paragraph 113.

114. Federal Defendants deny the allegations in paragraph 114.

115. Federal Defendants deny the allegations in paragraph 115.

116. Federal Defendants deny the allegations in paragraph 116.

### THIRD CLAIM FOR RELIEF
**Failure to Supplement the Environmental Analysis When Presented With Significant New Information and Changed Circumstances**
**(Violation of NEPA and the APA)**
**(Against the Forest Service)**

117. Federal Defendants incorporate their prior responses.

118. The allegations in paragraph 118 consist of conclusions of law, to which no response is required.

119. Federal Defendants admit that HCD, utilizing funds from the Relief Act, has made payments to the Forest Service for its work implementing the FWHP. Federal Defendants further admit that HCD adopted the 2014 and 2016 EISs for the FWHP. Except as expressly admitted above, Federal Defendants deny the remaining allegations in paragraph 119.

120. Federal Defendants deny the allegations in paragraph 120.

121. Federal Defendants deny the allegations in paragraph 121.

122. The allegations in paragraph 122 consist of conclusions of law, to which no response is required.

123. Federal Defendants deny the allegations in paragraph 123.

## FOURTH CLAIM FOR RELIEF

### Improper Use of Funds

### (Violation of the Disaster Relief Appropriations Act of 2013 and the APA)

### (Against HUD and HCD)

124. The allegations in paragraph 124 consist of a partial quotation of the Relief Act, which speaks for itself and is the best evidence of its contents.

125. The allegations in paragraph 125 consist of a partial quotation of the Housing and Community Development Act of 1974, which speaks for itself and is the best evidence of its contents.

126. The allegations in paragraph 126 consist of conclusions of law, to which no response is required.

127. The allegations in paragraph 127 consist of conclusions of law, to which no response is required.

128. The allegations in paragraph 128 consist of conclusions of law, to which no response is required.

## RELIEF REQUESTED

Following paragraph 128 of the Complaint, there is an unnumbered paragraph with 10 subparagraphs. This paragraph and subparagraph describes the relief Plaintiffs request. Federal Defendants deny any violation of law. Additionally, Federal Defendants deny that Plaintiffs are entitled to the relief requested, or any relief whatsoever.

## GENERAL DENIAL

All of the allegations in Plaintiffs' Complaint which have not been specifically admitted, denied, or otherwise answered, are hereby denied.

## FEDERAL DEFENDANTS' DEFENSES

### First Defense

Plaintiffs' Complaint fails to state a claim for which relief can be granted.

### Second Defense

This Court lacks subject matter jurisdiction to review one or more of Plaintiffs' claims.

### Third Defense

Plaintiffs lack standing to bring some or all of their claims.

### Fourth Defense

Plaintiffs are not within the zone of interest of the Disaster Relief Appropriations Act of 2013.

### Fifth Defense

One or more of Plaintiffs' claims are not ripe for judicial review.

### Sixth Defense

Plaintiffs failed to exhaust administrative remedies.

### Seventh Defense

One are more of Plaintiffs' claims are not subject to judicial review due to issue and claim preclusion.

## PRAYER

WHEREFORE, Federal Defendants requests that this action be dismissed with prejudice, that judgment be entered for Federal Defendants, and that Federal Defendants be granted such other relief as the Court will allow.

Respectfully submitted this 17th day of December, 2019,

JEAN E. WILLIAMS
Deputy Assistant Attorney General
U.S. Department of Justice

Environment & Natural Resources Division

*/s/ Dustin J. Weisman*
TYLER M. ALEXANDER (CA Bar #: 313188)
DUSTIN J. WEISMAN (CO Bar #: 44818)
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0238 (Alexander)
Tel: (202) 305-0432 (Weisman)
tyler.alexander@usdoj.gov
dustin.weisman@usdoj.gov

*Attorneys for Federal Defendants*

Of Counsel:

JAMIE ROSEN
Senior Counsel,
Office of the General Counsel
U.S. Department of Agriculture

MATTHEW FORMAN
Trial Attorney
Office of General Counsel
U.S. Department of Housing & Urban Development