# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARTH ISLAND INSTITUTE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KIMBERLY NASH, et al.,<br><br>Defendant. | Case No.  1: 19-cv-01420-DAD-SAB<br><br>**SCHEDULING ORDER (Fed. R. Civ. P 16)**<br><br>**Amendment and Discovery Deadlines:**<br>    Amendment of Pleadings: August 18, 2020<br>    Administrative Record Filing: October 30, 2020<br><br>**Motion for Summary Judgment Deadlines:**<br>    Plaintiffs' Motion for Summary Judgment: December 4, 2020<br>    Defendants' Cross-Motion for Summary Judgment and Opposition: January 15, 2021<br>    Plaintiffs' Opposition and Reply: February 5, 2021<br>    Defendants' Reply: February 26, 2021 |

### I.     Date of Scheduling Conference

The Scheduling Conference was held on **July 21, 2020.**

### II.    Appearances of Counsel

Meriel Darzen, Daniel Galpern, and Ralph Bloemers appeared telephonically on behalf of Plaintiffs.

Awbrey Yost, Dustin Weisman, Janice Waddell, Tyler Alexander, and Kimberly Gosling telephonically appeared on behalf of Defendants.

### III.   Consent to Magistrate Judge

The parties have not consented to magistrate judge jurisdiction. Pursuant to 28 U.S.C. §

636(c), to the parties who have not consented to conduct all further proceedings in this case, including trial, before United States Magistrate Judge Stanley A. Boone, you should be informed that because of the pressing workload of United States district judges and the priority of criminal cases under the United States Constitution, you may consent to magistrate judge jurisdiction in an effort to have your case adjudicated in a timely and cost effective manner. The parties are advised that they are free to withhold consent or decline magistrate jurisdiction without adverse substantive consequences.

### V.    Amendments to Pleading

Any motions or stipulations requesting leave to amend the pleadings must be filed by no later than **August 18, 2020.**  The parties are advised that filing motions and/or stipulations requesting leave to amend the pleadings does not reflect on the propriety of the amendment or imply good cause to modify the existing schedule, if necessary.  All proposed amendments must (A) be supported by good cause pursuant to Fed. R. Civ. P. 16(b) if the amendment requires any modification to the existing schedule, *see* Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992), and (B) establish, under Fed. R. Civ. P. 15(a), that such an amendment is not (1) prejudicial to the opposing party, (2) the product of undue delay, (3) proposed in bad faith, or (4) futile, *see* Foman v. Davis, 371 U.S. 178, 182 (1962).

### VI.    Administrative Record

This action is proceeding pursuant to the Administrative Procedure Act, 5 U.S.C. § 701 et. seq.  Defendants shall lodge and serve the administrative record on or before **October 30, 2020**.

### VII.    Motion Schedule

#### A.    Non-Dispositive Pre-Trial Motions

Non-dispositive motions are heard on Wednesdays at 10:00 a.m., before United States Magistrate Judge Stanley A. Boone in Courtroom 9.  In scheduling any non-dispositive motion, the Magistrate Judge may grant Applications for an Order Shortening Time pursuant to Local Rule 144(e).  However, if counsel does not obtain an Order Shortening Time, the Notice of Motion must comply with Local Rule 251.

Counsel may appear and argue non-dispositive motions by telephone, providing a written

request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than three (3) court days before the noticed hearing date. In the event that more than one attorney requests to appear by telephone, then it shall be the obligation of the moving party(ies) to arrange and originate a conference call to the court.

***Discovery Disputes:*** If a motion is brought under Fed. R. Civ. P. 37, the parties must prepare and file a Joint Statement re Discovery Disagreement ("Joint Statement") as required by Local Rule 251. The Joint Statement must be filed seven (7) calendar days before the scheduled hearing date. Courtesy copies of all motion-related documents, declarations, and exhibits must be delivered to the Clerk's Office by 10:00 a.m. on the fourth court day prior to the scheduled hearing date. Motions will be removed from the court's hearing calendar if the Joint Statement is not timely filed or if courtesy copies are not timely delivered. In order to satisfy the meet and confer requirement set forth in Local Rule 251(b), the parties must confer and talk to each other in person, over the telephone or via video conferencing before the hearing about the discovery dispute. The Court may issue sanctions against the moving party or the opposing party if either party fails to meet and confer in good faith.

### B. Motions for Summary Judgment

Unless prior leave of Court is obtained at least seven (7) days before the filing date, all moving and opposition briefs or legal memorandum in civil cases shall not exceed twenty-five (25) pages. Reply briefs filed by moving parties shall not exceed ten (10) pages. Before scheduling any motion, the parties must comply with all requirements set forth in Local Rule 230 and 251.

The parties' motions for summary judgment shall be filed according to the following schedule.

Plaintiffs' motion for summary judgment: **December 4, 2020**

Defendants' Cross Motion/Opposition: **January 15, 2021**

Plaintiffs' Opposition/Reply: **February 5, 2021**

Defendants' Reply: **February 26, 2021**

Hearing: **To be set before the District Judge pursuant to Local Rule and District**

**Judge's procedures**

In filing motions, the parties shall comply with **Fed. R. Civ. P 56 and Local Rules 230 and 260**.

*Motions for Summary Judgment or Summary Adjudication:* Prior to filing a motion for summary judgment or motion for summary adjudication, the parties are ORDERED to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion.

The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; and 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion.

The moving party shall initiate the meeting. **Since this is an action under the Administrative Procedure Act, the parties are relieved from the requirement to file a joint statement of undisputed facts.**

In the Notice of Motion, the moving party shall certify that the parties have met and conferred as ordered above or set forth a statement of good cause for the failure to meet and confer.

**VIII.   Trial Date**

The parties agree that as this action is proceeding pursuant to the Administrative Procedure Act, it should be decided on cross-motions for summary judgment. No trial date is set.

**IX.   Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial**

Not applicable at this time.

**X.   Related Matters Pending**

The parties proffer this matter is not related to any other matter pending at this time.

**XI.   Compliance with Federal Procedure**

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California, and to keep abreast of any

amendments thereto. The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of California.

Additional requirements and more detailed procedures for courtroom practice before United States Magistrate Judge Stanley A. Boone can be found at the United States District Court for the Eastern District of California's website (www.caed.uscourts.gov) under Judges; United States Magistrate Judge Stanley A. Boone (SAB). In the area entitled "Case Management Procedures," there is a link to "Standard Information." All parties and counsel shall comply with the guidelines set forth therein.

### XII. Effect of this Order

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested. The parties are advised that due to the impacted nature of civil cases on the district judges in the Eastern District of California, Fresno Division, that stipulations to continue set dates are disfavored and will not be granted absent good cause.**

///
///
///
///
///

**Lastly, should counsel or a party appearing pro se fail to comply with the directions as set forth above, an ex parte hearing may be held and contempt sanctions, including monetary sanctions, dismissal, default, or other appropriate judgment, may be imposed and/or ordered.**

IT IS SO ORDERED.

Dated: __**July 21, 2020**__

UNITED STATES MAGISTRATE JUDGE