# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARTH ISLAND INSTITUTE, et al., | Case No. 1:19-cv-01420-DAD-SAB |
| Plaintiffs, | ORDER GRANTING PLAINTIFFS' MOTION TO AMEND BRIEFING SCHEDULE AND REQUIRING PARTIES TO SUBMIT JOINT STATUS REPORT ON OR BEFORE DECEMBER 15, 2020 |
| v. | |
| KIMBERLY NASH, et al., | |
| Defendants. | (ECF No. 105) |

On July 21, 2020, the undersigned issued an order amending the scheduling order and setting a deadline of December 4, 2020, for Plaintiffs to file a motion for summary judgment. (ECF No. 97.) On November 24, 2020, Plaintiffs filed a motion to amend the briefing schedule to extend the deadline for Plaintiffs to file a motion for summary judgment. (ECF No. 105.) On November 25, 2020, the Court ordered Defendants to file either an opposition brief or statement of non-opposition. (ECF No. 106.) On December 1, 2020, Defendants filed a response to Plaintiffs' motion, and on December 2, 2020, Plaintiffs filed a reply. (ECF Nos. 106, 107.)

In the moving papers, Plaintiffs submit that their lead counsel was recently hospitalized due to an unforeseen medical emergency and has taken a leave of absence. (ECF No. 105 at 2.) Plaintiffs are uncertain how long counsel will be unable to work, and co-counsel are unable to complete the necessary work without the assistance of the lead counsel. (Id.) Plaintiffs contacted Defendants with a proposal to suspend the current briefing schedule as well as to

1 potentially amend the complaint. (Id. at 3.) Defendants responded that they opposed the
2 suspension of the briefing schedule unless Plaintiffs agreed not to amend their complaint. (Id.)
3 Plaintiffs submit that they have not yet decided on whether to amend their complaint because of
4 counsel's medical leave, in addition to particular ongoing factors related to the amendment. (Id.)
5 Plaintiffs request additional time to evaluate the health of the lead counsel and to determine
6 whether to seek leave to amend the complaint to address newly obtained information. Plaintiffs
7 request the current briefing schedule be suspended and that the Court order the parties to submit
8 a joint status report before December 15, 2020, to propose a new briefing schedule. (Id.)

9       In the December 1, 2020 response, Defendants submit that they do not object to
10 amending the briefing schedule to allow Plaintiffs to have sufficient time to draft their summary
11 judgment brief, given the medical situation. (ECF No. 107 at 2.) However, Defendants oppose
12 to a late amendment expanding the number and types of claims on the eve of the summary
13 judgment deadline. (Id.) Defendants submit that if the Court grants Plaintiffs' motion, it should
14 also order that Plaintiffs will not be permitted to amend the complaint to add new claims. (Id.)
15 Defendants argue that they relied on the fact that Plaintiffs did not seek to amend their complaint
16 when they determined the scope of the administrative records, and in preparing the defense. (Id.
17 at 2-3.) Defendants proffer that if permitted to amend, the case will be delayed, and the
18 Defendants will need to complete another administrative record. (Id. at 3.)

19       In the reply filed on December 2, 2020, Plaintiffs state that Defendants' response goes
20 beyond the scope of the present motion and seeks a premature ruling barring Plaintiffs from
21 seeking amendment. (ECF No. 108 at 2.) Plaintiffs also proffer they have a different
22 perspective on whether a new administrative record will be required, and argue any discussion of
23 the propriety of amendment should be reserved when such motion may be presented. (Id. at 2-
24 3.)

25       Based on the unforeseen medical emergency impacting Plaintiffs' lead counsel and
26 Plaintiffs' ability to file a motion for summary judgment by the current deadline, the Court finds
27 good cause to vacate the current briefing schedule and require the parties to submit a joint status
28 report to establish a new briefing schedule. While the Court understands Defendants' position

concerning amending the complaint, the Court declines to consider preemptively foreclosing the Plaintiffs' ability to file a motion for leave to amend the complaint, as such issues are not properly before the Court at this time. The medical emergency of counsel sufficiently establishes good cause to amend the briefing schedule, and the Court need not force the concession of denying amendment as a trade-off for such. See Fed. R. Civ. P. 16(b)(4); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The Court will fully consider the parties' positions on amendment if and when presented.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to amend the briefing schedule (ECF No. 105) is GRANTED;
2. The deadlines contained in the briefing schedule pertaining to the filing of motions for summary judgment (ECF No. 97) are VACATED; and
3. The parties shall file a joint status report concerning the setting of an amended briefing schedule on or before December 15, 2020.

IT IS SO ORDERED.

Dated: **December 3, 2020**

UNITED STATES MAGISTRATE JUDGE