Meriel L. Darzen, Oregon State Bar ("OSB") No. 113645
Email: meriel@crag.org
Teryn Yazdani, OSB No. 205134
Email: teryn@crag.org
Crag Law Center
3141 E Burnside Street
Portland, Oregon 97214
Phone: (503) 525-2725  Fax: (503) 296-5454
LEAD COUNSEL – *Pro Hac Vice*

*Attorneys for Plaintiffs Earth Island Institute, Greenpeace Inc., and Sequoia ForestKeeper*

Daniel Galpern, OSB No. 061950
Law Offices of Daniel M. Galpern
2495 Hilyard St., Suite A
Eugene, Oregon 97405
Phone: (541)968-7164  Fax: (971)244-9035
Email: dan.galpern@gmail.com
*Pro Hac Vice*

*Attorney for Plaintiff Dr. James E. Hansen*

René P. Voss, California State Bar No. 255758
Natural Resources Law
15 Alderney Road
San Anselmo, CA 94960
Phone: (415) 446-9027  Fax: (267) 316-3414
Email: renepvoss@gmail.com
LOCAL COUNSEL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| EARTH ISLAND INSTITUTE, et al. <br><br> Plaintiffs, <br><br> v. <br><br> KIMBERLY NASH, et al., <br><br> Defendants. | No.: 1:19-cv-01420-DAD-SAB <br><br> **STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMERY JUDGMENT** <br><br> **Oral Argument Requested** <br><br> **Hon. Dale A. Drozd** |

No.: 1:19-CV-01420-DAD-SAB – STATEMENT OF UNDISPUTED FACTS
IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

*Crag Law Center
3141 E. Burnside St.
Portland, OR 97214
Tel: (503)525-2725*

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 260(a), Plaintiffs Earth Island Institute, Greenpeace Inc., Sequoia ForestKeeper, and Dr. James E. Hansen (collectively, "Plaintiffs") submit the following Statement of Undisputed Facts in support of their Motion for Summary Judgment.

| | **Undisputed Facts** | **Supporting Evidence** |
|---|---|---|
| 1 | Congress enacted the Disaster Relief Act of 2013 in the wake of Hurricane Sandy to provide funding for disaster recovery efforts in "the most impacted and distressed areas" resulting from major disasters declared pursuant to the Stafford Act, 42 U.S.C. §§ 5121 et seq. This Act allocates funding to the U.S. Department of Housing and Urban Development's ("HUD") Community Development Block Grant program ("CDBG") for "necessary expenses related to disaster relief, long-term recovery, restoration of infrastructure and housing, and economic revitalization." | Pub. L. No. 113-2, 127 Stat. 4, 15 (2013). |
| 2 | The National Disaster Resilience Competition ("NDRC") grant is a competitive grant sourced from the funds allocated by the Disaster Relief Appropriations Act CDBG program. | HCD_II.A.0000001; HCD Answer, Dkt. # 63, ¶ 62. |

| | | |
|---|---|---|
| 3 | In 2013, the Rim Fire burned more than 257,000 acres across Northern California, including public forestland managed by the U.S. Forest Service. | HCD_I.A.0000002; HCD Answer, Dkt. # 63, ¶¶ 1, 53. |
| 4 | In 2015, the State of California applied for the U.S. Department of Housing and Urban Development ("HUD") federal disaster relief funding through the NDRC. The application was in response to the Rim Fire wildfires of 2013. | *See generally* HCD_I.B.0000001 (NDRC Phase II grant application); HCD Answer, Dkt. # 63, ¶¶ 107, 109. |
| 5 | On June 7, 2016, HUD awarded the State of California's Department of Housing and Community Development ("HCD") $70 million in disaster relief funding through the NDRC block-grant. This grant money is for recovery projects in Tuolumne County. | HCD_I.D.0000048; HCD Answer, Dkt. # 63, ¶¶ 1, 23, 64. |
| 6 | HCD is a California state agency and Janice Waddell is the current Grant Management Section Chief of HCD's Division of Financial Assistance. Ms. Waddell currently has the authority to act as HCD's certifying officer for the HUD funds received. | HCD Answer, Dkt. # 63, ¶¶ 23–24. |
| 7 | The State of California's NDRC grant application proposed using the HUD funding for a three-pronged, linked programmatic effort for the Rim Fire area called the "Community Watershed Resilience Program" ("CWRP"). The program consists of three | HCD_I.B.0000004–05; HCD_I.D.0000074–76; HCD Answer, Dkt. # 63, ¶¶ 65, 91. |

|  |  |  |
|---|---|---|
|  | interdependent pillars allocating $28 million for the "Forest and Watershed Health Program" ("FWHP"); $22 million for the "Biomass Utilization Facility"; and $20 million "Community Resilience Center(s)." The only pillars at issue in this case are the FWHP logging project and the Biomass Utilization Facility. |  |
| 8 | The FWHP logging project involves logging, minimizing the spread of noxious weeds, and replanting conifers within the Rim Fire area of the Stanislaus National Forest and Tuolumne County, California. HCD made payments to the Forest Service using NRDC grant funds for work on this pillar. | HCD_IV.H.0000026–27; HCD Answer, Dkt. # 63, ¶¶ 66, 110. |
| 9 | The Biomass Utilization Facility funding will go to designing and constructing a new biomass facility in Tuolumne County. This project is led by the Sierra Nevada Conservancy and will utilize biomass from forest restoration activities. | HCD_I.D.0000076. |
| 10 | In May 2017, HCD issued a public notice for comment for the adoption of two Forest Service EISs: the Rim Fire Recovery Project EIS (2014) and the Rim Fire Reforestation EIS (2016). These projects included biomass logging and reforestation work (e.g. creation of new tree plantations and vegetation treatments) in | HCD_III.C.0000026; HCD_II.A.0000001; HCD_II.A.0000005. |

| | | |
|---|---|---|
| | the Stanislaus National Forest. HCD intended these EISs to serve as the environmental review for the FWHP logging project. | |
| 11 | On June 26, 2017, Plaintiff Earth Island Institute submitted comments to HCD requesting HCD to not adopt the Recovery and Reforestation EISs for the CWRP. The letter also requested that HCD withdraw its proposal to accept disaster relief funds, asked Defendants to account for the additional greenhouse gas emissions the FWHP would produce, and asked that defendants analyze the impacts of the FWHP and biomass facility together and provided data and information related to the amount of conifer re-growth (regeneration) in the project area. | *See generally* RIM_POST-2016_AR_000082 (Plaintiffs' June 26, 2017 letter); HCD Answer, Dkt. # 63, ¶¶ 73–74. |
| 12 | In October 2017, HCD filed a Request for Release of Funds with HUD for the FWHP. | HCD Answer, Dkt. # 63, ¶ 76. |
| 13 | HCD did not produce its own or any supplemental EIS analysis for any of the FWHP. HCD made no modification to the prior 2014 and 2016 EISs. | HCD Answer, Dkt. # 63, ¶¶ 2, 54, 57, 71–72, 81, 95, 100–02, 113, 122; *see generally*, RIM_2014_AR_000174 (2014 Rim Fire Recovery EIS); |

| | | RIM_2016_AR_000129 (2016 Rim Fire Reforestation EIS). |
|---|---|---|
| 14 | On October 5, 2017, HCD issued two RODs—"Rim Fire Reforestation" and "Rim Fire Recovery"—finalizing its decision to adopt the 2014 and 2016 Forest Service EISs. | *See generally* RIM_POST-2016_AR_000001 ("Rim Fire Recovery" ROD); RIM_POST-2016_AR_000032 ("Rim Fire Reforestation" ROD). |
| 15 | In the Response to Comments in the 2017 Rim Fire Reforestation ROD, the U.S. Forest Service responded to Plaintiffs' comments from June 26, 2017 alleging extensive, natural conifer regeneration. The Forest Service questioned the completeness of the Plaintiffs' data but indicated it would continue to monitor for regeneration. | RIM_POST-2016_AR_000064–66. |
| 16 | Additionally, in the Response to Comments in the 2017 Rim Fire Recovery ROD, HCD replied to Plaintiffs' request to analyze increased greenhouse gases stating, "the FEIS demonstrates that pile burning and jackpot burning is likely to have the same carbon dioxide ($CO_2$) emissions as burning material for bioenergy." | RIM_POST-2016_AR_000024. |

| 17 | On October 23, 2017, Plaintiffs sent another comment letter to HUD objecting to the release of disaster relief funds. Plaintiffs stated that they believed there were changed circumstances in the project area since the 2014 and 2016 EISs were made and stated the CWRP would have different impacts than those analyzed in those documents. Additionally, Plaintiffs asked again for Defendants to analyze the FWHP and biomass facility together because the biomass facility was not contemplated in either the 2014 or the 2016 EIS. The letter also reiterated that the proposed logging and tree replanting area has considerable natural conifer regeneration. | RIM_POST-2016_AR_000111; HCD_III.A.0000001; HCD Answer, Dkt. # 63, ¶ 77. |
|---|---|---|
| 18 | In November 2017, HUD wrote to HCD requesting that the State respond to Plaintiffs' objections to the release of funds. HUD's letter stated that HUD found Plaintiffs' objections permissible. | HCD Answer, Dkt. # 63, ¶ 78. |
| 19 | In response to Plaintiffs' comment letters, HCD responded that circumstances in the project area were unchanged and that the EISs from 2014 and 2016 were not outdated. HCD further stated that the proposed activities in the 2014 and 2016 EISs were the same | HCD_III.A.0000004; HCD_III.A.0000007–08; HCD Answer, Dkt. # 63, ¶ 79. |

| | | |
|---|---|---|
| | changes being made in the current project and that "only dead trees are being proposed for treatment." | |
| 20 | On the basis on HCD's claims, HUD denied Plaintiffs' objections to the release of funding and granted the NDRC block-grant funding to HCD without requiring any further environmental review. | HCD_III.A.0000014; HCD_III.A.0000028–29; HCD Answer, Dkt. # 63, ¶¶ 3, 9–10, 82. |
| 21 | HCD passed a portion of the block-grant funds to U.S. Forest Service for the FWHP logging project. | HCD_III.A.0000014; HCD Answer, Dkt. # 63, ¶¶ 82, 119. |
| 22 | On February 9, 2018, Director Kimberly Nash sent a letter to Moira Monahan regarding the rejection letter to the Request for Release of Funds. In this letter, Director Nash admits that the proposed Recovery and Reforestation activities appear "functionally and logically related." | HCD_III.A.0000034. |
| 23 | In 2018, Plaintiffs surveyed all of the same locations (plots) the Forest Service visited in 2014 and 2015 within the roughly 2,500 to 3,000 acres of intact, unlogged post-fire habitat in the NDRC grant units, where Defendants claimed that "within the areas proposed for treatment" there was "little to no" conifer regeneration. | HCD_III.B.0000515–17. |

| | | |
|---|---|---|
| 24 | On June 6, 2018, Plaintiffs wrote again to HUD and HCD. This letter provided a summary of new information and data collected by Plaintiffs in 2018 confirming previous findings of extensive natural post-fire conifer regeneration in the Rim Fire project area. The letter confirmed regeneration was happening on a much larger scale and in much larger concentrations than the 2014 and 2016 EISs analyzed. It also demonstrated that as of 2018, in at least 50% of the Forest Service's filed plots, there was natural regeneration. Finally, the letter included reports and updated photographs and data from specific treatment units of imperiled wildlife in the Rim Fire project area. | HCD_III.B.0000512; HCD_III.B.0000515–19; HCD_III.B.0000522–23. |
| 25 | In response to a 2018 FOIA request, the Forest Service confirmed that no additional surveys for conifer regeneration were done in the project area between 2016 and 2018. | *See* HUD AR01548 (stating, in response to a FOIA request for survey data from 2016 to 2018, that initial surveys for conifer regeneration were only done in 2014 and 2015). |
| 26 | On August 14, 2019, Plaintiffs sent another letter to HUD and HCD documenting additional conifer regeneration information and requesting once again that Defendants refrain from logging certain units with | HCD_III.C.0000013; HCD Answer, Dkt. # 63,¶¶ 86–89. |

| | | |
|---|---|---|
| | intact post-fire snag forests, areas with extensive regeneration, and areas with extensive use by wildlife. | |
| 27 | The North et al. (2019) study was included in the Plaintiffs' August 14, 2019 letter to HUD and HCD. This study contradicts the need to replant in post-fire areas. Plaintiffs also asked Defendants again to analyze the FWHP and biomass facility together. | HCD_III.C.0000019 n.3; HCD_III.C.0000014; HCD_III.C.0000018; |
| 28 | Plaintiffs Earth Island Institute, Greenpeace Inc., Sequoia ForestKeeper, are non-profit organizations. Plaintiff Dr. James E. Hansen is an Adjunct Professor at Columbia University Earth Institute, Director of Climate Science, Awareness and Solutions program at the Earth Institute. | *See* HCD_III.C.0000012 (requesting, via email, to halt the NRDC funding); HCD_III.C.0000021 (listing the current Plaintiffs in the case and their organizations and titles). |
| 29 | Plaintiffs' members reside near or regularly visit the Stanislaus National Forest, including Rim Fire project area. Those using and enjoying the area derive a variety of recreational, scientific, religious, spiritual and aesthetic benefits. All Plaintiffs have firm plans to return to the areas scheduled to be logged by Defendants using the NDRC funding, and have returned to the areas during the course of this litigation. | *See* HCD_III.B.0000513–14 (describing some of the Plaintiffs' uses of and relationship to the Rim Fire project area); HCD_III.C.0000016–17 (describing a site visit to the Rim Fire project area that took |

|    |                                                                                                                                                                                                                                              |                                                                                                                                                                                              |
|----|----|----|
|    |                                                                                                                                                                                                                                              | place during the course of this litigation); HCD_III.B.0000515–19 (describing surveys done by Plaintiffs and their results); *see generally* Dkt. # 25 (Declaration of Chad Hanson); Dkt. # 24 (Declaration of Amy Moas); Dkt. # 21 (Declaration of Ara Marderosian); Dkt. # 20 (Declaration of Daniel Brindis). |
| 30 | The FWHP timeline has been running since 2017 and is a multi-year project scheduled to be completed in a period of more than two years (by 2022).                                                                                            | HCD_IV.H.0000036–37; HCD Answer, Dkt. # 63, ¶ 111.                                                                                                                                           |
| 31 | From 2019 to 2020, FWHP logging has occurred in 3,432 acres; from 2017 to 2022, reforestation activities are scheduled but as of October 2019 no trees had been planted.                                                                     | HCD_IV.H.0000037–38.                                                                                                                                                                         |
| 32 | The biomass facility is also a multi-year project scheduled to be completed in a period of more than two years (by 2022). From 2018 to 2019, feasibility                                                                                     | HCD_IV.H.0000036; HCD_IV.H.0000039;                                                                                                                                                          |

| | | |
|---|---|---|
| | studies took place to determine the feasibility of building one or more biomass facilities in Tuolumne County. The building of the facility (or, facilities) is projected to start from 2020 to 2022. | *see also* HCD_I.H.0000066 (detailing the final findings of the biomass feasibility studies). |
| 33 | HCD is currently working with the Rural Community Assistance Corporation ("RCAC") to manage the funding of the biomass project(s) and is in the process of accepting bids for projects to receive the disaster relief funding. | *See* HCD_I.G.0000739 (showing the $20 million contract with RCAC ending in 2022); HCD_I.H.0000282. |

Dated: January 21, 2020

*/s/ Meriel Darzen*
Meriel Darzen, *Pro Hac Vice*
Teryn Yazdani, *Pro Hac Vice*
Crag Law Center

*/s/ Daniel Galpern*
Law Office of Daniel M. Galpern

*Attorneys for Plaintiffs*