Meriel L. Darzen, Oregon State Bar (OSB) No. 113645
Email: meriel@crag.org
Crag Law Center
3141 E Burnside Street
Portland, Oregon 97214
Phone: (503) 525-2725  Fax: (503) 296-5454
LEAD COUNSEL – *Pro Hac Vice*

*Attorneys for Plaintiffs Earth Island Institute, Greenpeace USA, and Sequoia Forestkeeper*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| EARTH ISLAND INSTITUTE, et al.<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>KIMBERLY NASH, et al.,<br><br>　　　　Defendants. | No.: 1:19-cv-01420-ADA-SAB<br><br>**PLAINTIFFS' OPPOSITION TO FEDERAL DEFENDANTS' COST BILL**<br><br>**(no oral argument requested)** |

## I. INTRODUCTION.

Pursuant to Local rule 292, Plaintiffs file these objections to the Federal Defendants' bill of costs (Dkt # 133). Although Defendants claim they seek costs for copying materials used in this case, they rely on an invoice and declaration that reveal most costs were noncompensable, duplicative, and excessive and are thus not taxable under 28 U.S.C. § 1920. Defendants provide no explanation of why various technical tasks were necessary for copying the administrative record in this case and thus fail to meet their burden to show these costs are taxable. Accordingly, the Court should not award these costs.

Moreover, the Court should refuse the bill of costs in its entirety to prevent the chilling effect cost awards have on public interest conservation organizations like Plaintiffs. This bill of costs is part of the federal government's recent pattern to force environmental plaintiffs to pay excessive costs associated with administrative records, and the quantities seem to be increasing at a rapid rate not commensurate with true costs. Such results create significant risks and disincentives for Plaintiffs and others to fulfill Congress's intent that citizens may seek to hold agencies accountable for violating our bedrock environmental laws in federal court.

Further, the agencies have an independent legal duty to create an administrative record for every decision they make, making it unfair to shift costs associated with such records to non-profit public interest organizations. For these reasons, the Court should refuse to tax any costs.

## II. LEGAL STANDARD.

Local rule 292(a) requires that costs be taxed in conformity with the provisions of 28 U.S.C. § 1920. That statute correspondingly allows a prevailing party to recover "[f]ees for … the costs of making copies of any materials where the copies are necessarily obtained for use in the case" and for "[d]ocket fees under [28 U.S.C. §] 1923." In enacting this statute, "Congress

No.: 1:19-cv-01420-ADA-SAB – PLAINTIFFS' OPPOSITION TO FEDERAL
DEFENDANTS' COST BILL- 1

*Crag Law Center*
*3141 E Burnside Street*
*Portland, Oregon 97214*
*Tel. 503-525-2725*

meant to impose rigid controls on cost-shifting in federal courts." *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 444 (1987). Thus, a prevailing party's costs are strictly limited to those in the statute. *See Id.* at 445. *See also Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). ("Any argument that a federal court is empowered to exceed the limitations explicitly set out in §§ 1920 and 1821 without plain evidence of congressional intent to supersede those sections ignores our longstanding practice of construing statutes in *pari materia.*").

Ninth Circuit construes taxable costs "narrowly" based on the Supreme Court's "close reading of the statute." *Kalitta Air LLC v. Cent. Texas Airborne Sys. Inc.,* 741 F.3d 955, 958-9 (9th Cir. 2013) (disallowing costs that "do not fit squarely within the costs statute").

28 U.S.C. § 1924 requires the party claiming costs to support a bill of costs with an affidavit that "any item of cost …has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." Local Rule 292(b) further provides for a bill of costs to "itemize the costs claimed" which shall be supported by "a memorandum of costs and an affidavit of counsel that the costs claimed are allowable by law, are correctly stated, and were necessarily incurred."

Under Federal Rule of Civil Procedure 54(d), courts have discretion "to refuse to tax costs in favor of the prevailing party." *Crawford Fitting*, 482 U.S. at 442. Courts may consider many equitable factors when deciding whether to award costs, including: (i) whether the suit was brought in the public interest, (ii) the limited financial resources of the losing party, (iii) whether the suit was brought in good faith, and (iv) the chilling effect costs have on future litigants. *See Ass'n of Mexican-Am. Educators v. Cal.,* 231 F.3d 572, 591–93 (9th Cir. 2000) (en banc). As discussed below and in the supporting declaration of Chad Hanson filed herewith, this court

No.:  1:19-cv-01420-ADA-SAB – PLAINTIFFS' OPPOSITION TO FEDERAL
 DEFENDANTS' COST BILL- 2

should deny costs to defendants, or in the alternative reduce the cost bill to only the minimum reasonable and necessary costs.

### III. THE COURT SHOULD DENY COSTS THAT WERE NOT NECESSARY FOR COPYING THE ADMINISTRATIVE RECORD.

The Court should refuse to award costs that are not within the narrow confines allowed under 28 U.S.C. § 1920 and lack sufficient support to show they were necessarily incurred in this case. Defendants claim that production of the "records required (1) converting all files into PDF format; (2) utilizing optical character recognition (OCR) software to make the documents searchable; (3) electronically Bates numbering the PDF files; (4) creating and editing an index of the documents in the records; and (5) hyperlinking the index to the PDF files on the portable hard drives." Decl. Sayles (Dkt. #133-1), ¶ 3. Mr. Sayles declaration describes how the government contractor, Colour Drop, billed $16,978.86 for the "Bates numbering, OCR processing, and hyperlinking" of the record, $900.00 for 12 portable hard drives, as well as $9,000 for "technical time" spent producing the record (180 hours of labor at $50/hour). Sayles Decl. ¶ 7. Also included is an unexplained 8% "surcharge" and a $7.50 fee from the Government Publishing Office, totaling an additional $2,157.81. Sayles Decl. ¶ 8. The grand total sought by Federal Defendants is $29,036.67. *Id.*

Under the statute, "[f]ees for … copying are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their production." *Zuill v. Shanah*, 80 F.3d 1366, 1371 (9th Cir. 1996) (citation omitted). Appellate courts have refused costs for many tasks completed when parties produce electronic documents, such as those done for convenience. *See In re Online DVD-Rental Antitrust Litig. v. Netflix*, 779 F.3d 914, 929-32 (9th Cir. 2015) ("Netflix") (explaining costs completed "solely for the convenience of counsel" and that were not "essential to the making of copies necessary to the case" are not taxable);

No.: 1:19-cv-01420-ADA-SAB – PLAINTIFFS' OPPOSITION TO FEDERAL
DEFENDANTS' COST BILL- 3

*Crag Law Center*
*3141 E Burnside Street*
*Portland, Oregon 97214*
*Tel. 503-525-2725*

*Country Vinter of North Carolina, LLC v. E.& J. Gallo Winery, Inc.,* 718 F.3d 249, 261–62 (4th Cir. 2013) (holding electronic processing costs not taxable); *CBT Flint Partners, LLC v. Return Path, Inc.,* 737 F.3d 1320, 1328 (Fed. Cir. 2013) ("[O]nly the costs of creating the produced duplicates are [recoverable], not a number of preparatory or ancillary costs commonly incurred leading up to, in conjunction with, or after duplication.").

In cases that are based on an administrative record, courts have refused to award costs for various tasks that were not necessary to copying the record. *Or. Natural Desert Ass'n v. Cain*, No. 12-1551-PK, ECF No. 73 at 5 (D. Or. June 23, 2014) (Papak, J.) ("ONDA") (Attached as Exhibit A) (rejecting costs for coding, OCRing, document conversion, and other tasks that BLM failed to prove "were necessary"); *Bark v. U.S. Forest Serv.,* No. 12-1505-RC, ECF No. 52 at 8 (D.D.C. December 31, 2014)("Bark")(Attached as Exhibit B) (rejecting costs for adding Bates numbers to the record, despite the benefits to the Court, because "adding such numbers simply does not constitute 'making copies' under § 1920(4)"); *Tahoe Tavern Property Owners Ass'n v. U.S. Forest Serv.,* 2007 U.S. DIST. LEXIS 45833, at *2 (E.D. Cal. June 14, 2007) (rejecting labor costs to prepare and index the record); *Ctr. for Biological Diversity v. FHA*, No. C12-02172-JSW, ECF No. 157 at 2-3 (N.D. Cal. March 10, 2014)(stating "28 U.S.C. § 1920(4) permits recovery of [f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case.") . Defendants here rely on a declaration and an invoice from a third-party vendor that do not demonstrate many of their costs were necessary for "copying" the administrative record. *See generally* Sayles Decl. (Dkt # 133-1, 133-2). The Sayles declaration and accompanying exhibit identify the types of costs that other courts have refused to tax: OCRing, Bates stamping, hyperlinking the PDF images to the index, and editing the index. Sayles Decl. ¶ 7; *See, e.g.,ONDA,* Ex. A, at 5 (finding OCRing and

document conversion disallowed); *Bark,* Ex. B, at 8, 11 (noting that "majority of courts" exclude Bates stamping charges from taxable costs and finding "production of an index for improving organization or access to the copied materials is not itself the act of 'making copies.'"). As the 9th Circuit emphasized in *Netflix*, which "reassess[ed] what electronic discovery costs may be properly taxed as costs of 'making copies'" in light of intervening Supreme Court precedent "the limited reach of § 1920," and determined that the party seeking costs must "describe[] and establish[] with sufficient specificity, particularly, and clarity" that costs were incurred for making copies and were necessary for that case. *Netflix*, 779 F.3d at 925–28.[1]

**A. Defendants' Cost Bill Includes over $11,000 of unrecoverable costs.**

At the outset, there are several costs included in Defendants' bill that are patently not recoverable. The 8% "surcharge" and a $7.50 fee from the Government Publishing Office, totaling $2,157.81, are not recoverable because they are not necessary for copying the record. See *ONDA*, Ex. A at 5 . Neither is the $9,000 of "technical time" billed by the contractor. Dkt. #133-1 at 2-3. *Memory Lane, Inc. v. Classmates Int'l, Inc.*, No. SACV 11-940-JLS (RNBx), 2014 U.S. Dist. LEXIS 199030 (C.D. Cal. July 25, 2014) (finding "technical time" not recoverable under § 1920). Thus, over $11,000 of the over $29,000 claimed is unrecoverable under § 1920 and should not be awarded.

**B. Defendants fail to provide evidence and reasonably explain why the claimed costs were "necessary" for copying.**

---

[1] *Netflix* allowed tasks such as OCRing and document conversion because those tasks "were explicitly required" by the opposing party in the discovery process. 779 F.3d at 925, 927-28, 932. The Ninth Circuit explained that, "[w]hen copies are made in a fashion necessary to comply with obligations such as these, costs are taxable so long as the copies are also 'necessarily obtained for use in the case.'" *Id.* at 928. Here, such tasks were not required.

No.: 1:19-cv-01420-ADA-SAB – PLAINTIFFS' OPPOSITION TO FEDERAL
 DEFENDANTS' COST BILL- 5

*Crag Law Center*
*3141 E Burnside Street*
*Portland, Oregon 97214*
*Tel. 503-525-2725*

As to the remainder of the costs claimed, Defendants failed to meet their burden to provide sufficient specificity and clarity and to prove their costs were "necessary" for copying in this case. Defendants' bill of costs and supporting documentation provides no explanation to justify why any specific costs were necessarily incurred in this case. The declaration from Mr. Sayles states only that the invoice submitting by the Government's contractor "document[s] the work that went into preparing the Forest Service's records." Sayles Decl. ¶ 7 (Dkt. # 133-1).

This cursory documentation does not fulfill the Defendants' obligations under *Netflix*, 28 U.S.C. § 1924, and Local Rule 292 Indeed, *Netflix* found groupings of various charges with brief descriptions were insufficient to demonstrate such charges were necessary. 779 F.3d at 928–30. Here, Defendants' descriptions are even more cursory and thus the Court should decline to award costs. *See also ONDA*, Ex. A, at 5-6 ("[W]hile I do not doubt that the remainder of the activities included in the invoice made the administrative record easier to review, I am without sufficient information to conclude that such activities are taxable under Section 1920").

The other main component of the cost bill is labeled as "Bates/OCR/Hyperlinking." This component is billed at $0.18 per unit, although it is unclear what the unit is. If it is a per page unit, this rate is much higher than is industry standard for scanning. *See e.g. Document Scanning/Imaging Services-Pricing,* STATCO, http://www.statco.com/services/document-scanning/pricing/ (showing rates of $0.035 for scanning and $0.02 for OCR, *see also Bark*, Ex. B.) The court should disallow this high of a rate for Bates labeling, OCR (which is not even scanning, it is a function within Adobe that can be applied to an electronic document) and hyperlinking, none of which are "copying."

**C. Defendants' Claimed Rates for Compensable Costs are Exorbitant and Unreasonable.**

The other main problem with Defendants' claimed costs is that the rates and unit costs are exorbitant and far in excess of what is industry standard for "copying." The contractor billed and Defendants claim $900 for 12 portable hard drives at a rate of $75 per unit. This is exorbitant given that a 16GB portable USB drive which would fit the record is currently available for $5 per unit on Amazon.com.[2] Thus this cost is inflated by a factor of 7. Further, it is unclear why 12 drives were needed when there are only six parties, represented by only three different law offices. Thus, only four drives were needed (Federal Defendants, State Defendants, Plaintiffs and the court). The court should disallow this cost.

**IV.    THE COURT SHOULD DECLINE A COST AWARD TO FURTHER THE PUBLIC INTEREST.**

The Court should deny the bill of costs in full for a more fundamental reason—this suit was brought in the public interest and the imposition of costs will have a chilling effect on the advocacy of these Plaintiffs and other conservation organizations. *See Ass'n of Mexican-Am. Educators*, 231 F.3d at 592–93. Judges within and outside this District have rejected costs in environmental cases like this one for such reasons. *See, e.g., Conservation Congress v. U.S. Forest Serv.,* No. 14-1979-TEH, ECF No. 49, at 2–3 (N.D. Cal. August 19, 2015) (Attached as Exhibit C) (denying costs because "[t]he protection of the environment is a widely recognized public benefit, and the vigilance of groups like Plaintiff keeps federal officials honest and furthers Congress's intent in remote areas"); *Rosemere Neighborhood Ass'n v. City of Vancouver,* No. C04-5667RBL, ECF No. 98, at 2 (W.D. Wash. Nov. 28, 2005) (forcing nonprofits to pay costs "would have a chilling effect on similar future suits"); *Wild Wilderness v.*

---

[2] https://www.amazon.com/SanDisk-Flash-Cruzer-Glide-SDCZ60-016G-B35/dp/B007YX9O9O/ref=sr_1_2?crid=3Q8GEDRI38DPO&keywords=sandisk+16gb+cruzer+glide&qid=1666638462&qu=eyJxc2MiOiIxLjY5IiwicXNhIjoiMS40OCIsInFzcCI6IjAuNTAifQ%3D%3D&sprefix=%2Caps%2C144&sr=8-2

No.: 1:19-cv-01420-ADA-SAB – PLAINTIFFS' OPPOSITION TO FEDERAL
 DEFENDANTS' COST BILL- 7

*Crag Law Center*
*3141 E Burnside Street*
*Portland, Oregon 97214*
*Tel. 503-525-2725*

*Allen*, No. 13-0523-TC, ECF No. 58, at 3 (D. Or. July 23, 2014) (Coffin, Mag.) (Attached as Exhibit D); *League of Wilderness Defenders v. Forsgren*, No. CV-00-1383-RE, ECF No. 91 (D. Or. Jul. 5, 2001).

**A.     Plaintiffs filed this suit in good faith to vindicate public interests.**

As in *Conservation Congress,* "this case was not frivolous, but rather raised close and complex questions." Ex. C, at 3. Here, Judge Drozd found substantial questions as to one of plaintiffs' main claims (Dkt. 94 at 29), relating to whether the Federal Defendants were required to cumulatively consider two projects that were clearly related. As in *Conservation Congress*, "[a]lthough Plaintiff[s'] claims ultimately lacked merit, they brought an appropriate degree of scrutiny to a federal project." Ex. C, at 3. An Oregon district judge denied the full costs sought by the Forest Service in another case because, *inter alia*, the "action was brought to protect the public interest … and [m]anagement of federal lands is of great public importance." *Wild Wilderness*, at 2 (Ex. D).  Here, the same reasoning applies. Plaintiffs brought this suit in good faith to ensure that the lands in the Stanislaus National Forest as well as $70 million in public funds allocated towards these lands and the surrounding communities were managed in the public interest. See Decl. Hanson, ¶ 6.

Plaintiffs did not bring this suit to further any commercial interests, but rather to protect the public interest in lawful management of federal public lands and legal and legitimate use of public funds by both the Federal Government and the State of California. *Id.* Plaintiffs sought to ensure that the Federal and State governments were complying with Federal law, including both environmental law and the Disaster Relief Act, which Congress enacted to protect the public interest and the environment from unrestricted abuses by Federal, State and local governments. *See* Dkt. #1 at 19 (Complaint). In doing so, Congress intended for citizens to enforce such

No.:  1:19-cv-01420-ADA-SAB – PLAINTIFFS' OPPOSITION TO FEDERAL
 DEFENDANTS' COST BILL- 8

*Crag Law Center*
*3141 E Burnside Street*
*Portland, Oregon 97214*
*Tel. 503-525-2725*

important policies through access to federal courts. *See, e.g., Or. Natural Desert Ass'n v. BLM*, 625 F.3d 1092, 1099–1100 (9th Cir. 2010) ("[P]ublic scrutiny [is] essential to implementing NEPA."). The Ninth Circuit has explained: that "special precautions to ensure access to the courts must be taken where Congress has provided for private enforcement of a statute." *People of State of Calif. ex rel. Van de Kamp v. Tahoe Regional Planning Ag'y*, 766 F.2d 1319, 1325–26 (9th Cir. 1985) (waiving bond "where requiring security would effectively deny access to judicial review") (emphasis added). Thus, the Court should not award costs against Plaintiffs for acting to enforce bedrock environmental laws and the judicial and lawful use of public funds.

**B.     A cost award will have a chilling effect on Plaintiffs and other groups.**

In recent years, the federal government has suddenly and aggressively attempted to recover costs in these types of cases in certain jurisdictions, including this one. These cost bills have shocked Plaintiffs and create a significant chilling effect on future advocacy efforts. **The cost bill in the instant case is the largest that Plaintiffs have ever seen or heard of in an environmental case.** Decl. Hanson, ¶ 9. The Declaration from Dr. Hanson explains that cost bills have a chilling effect both due to their size and to their unpredictable and inequitable nature. *Id.* at ¶ 12. Such inequitable results undermine the equitable policies underlying Congress's uniform and narrow provision for costs in all federal courts. *Netflix*, 779 F.3d at 926 (explaining Congress developed a uniform federal costs statute in response to "a great diversity of awards" between states that "led to some losing litigants being 'unfairly saddled with exorbitant fees'").

A further inequitable result of these cost bills is making plaintiffs pay costs of administrative records that the agencies are independently legally required to prepare under the Administrative Procedure Act. 5. U.S.C. §§ 556(e), 557(c). Indeed, as Judge Coffin found in *Wild Wilderness*, "the fact that the government has been sued should not be an opportunity for

No.:  1:19-cv-01420-ADA-SAB – PLAINTIFFS' OPPOSITION TO FEDERAL
 DEFENDANTS' COST BILL- 9

*Crag Law Center*
*3141 E Burnside Street*
*Portland, Oregon 97214*
*Tel. 503-525-2725*

the government to recoup costs of a record it is required by law to create." Ex. D at 3 (citing 5 U.S.C. §§ 556(e), 557(c)). Moreover, Defendants are required to produce these administrative records under the Freedom of Information Act ("FOIA") to non-profit organizations like Plaintiffs who qualify for fee waivers when such disclosure is in the public interest. 5 U.S.C. § 552(a)(4)(A)(iii) (FOIA fee waiver provision). These issues raise serious concerns of inequity and fairness that warrant a denial of the cost bill in full.

Through litigation like this one, Plaintiffs and other conservation organizations help ensure that federal agencies are properly managing public funds and public lands as required under federal law. Recent cost awards are already having a chilling effect on Plaintiffs and similar conservation organizations that use federal courts as a method of last resort to protect the interests of their members and the public.Thus, Plaintiffs respectfully ask this Court to follow the reasoning in cases like *Conservation Congress* and *Wild Wilderness* and deny the bill of costs in full to uphold the public interest in these types of cases.

## V.  CONCLUSION.

For all of the above reasons, Plaintiffs respectfully request that this Court deny the bill of costs in full.

DATED this 31st day of October, 2022.

>  */s/ Meriel Darzen*
>  Meriel Darzen, *Pro Hac Vice*
>  Crag Law Center
>
>  *Attorneys for Plaintiffs*

No.:  1:19-cv-01420-ADA-SAB – PLAINTIFFS' OPPOSITION TO FEDERAL DEFENDANTS' COST BILL- 10

*Crag Law Center*
*3141 E Burnside Street*
*Portland, Oregon 97214*
*Tel. 503-525-2725*